# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| RICHARD VELUZAT, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:12-1229 |
| v. ) | Judge Nixon/Brown |
| ) | Jury Demand |
| WILLIAMSON MEDICAL CENTER, ) | |
| ) | |
| Defendants ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to LR 16.01(d)(2), the following Initial Case Management Plan is adopted.

1. **Jurisdiction:**

This court's jurisdiction and venue in this matter are not in dispute amongst the parties.

2. **Plaintiff's theory of the case:**

Plaintiff is a white male that was hired by Defendant in July of 2001 as a pharmacist. From July of 2001 until the spring of 2007, Plaintiff had received no disciplinary actions and had received outstanding performance reviews from his direct supervisor Neal Little, Director of Pharmacy. Mr. Little left his position in December of 2006 and was replaced in the spring of 2007 by Janet Nock.

Plaintiff was approached by African-American and Hispanic individuals, beginning in the fall of 2007, advising that Ms. Nock was mistreating and making racial comments to each of them. Plaintiff was told that Ms. Nock was belittling, demeaning and yelling at individuals of a

1

different race because she did not "like black people or brown people." Plaintiff approached Ms. Nock each time someone came to him about the racial discrimination throughout the four (4) year time period. Ms. Nock advised Plaintiff that it was not his place and even told Plaintiff in a dismissive tone once that she was done with him. Plaintiff reported this complaint to the Assistant Director of Pharmacy, but was told that she was not going to do anything about it.

From December 2010 until May 2011, an outside consultant group was brought in to interview employees. These interviews included group discussions where employees, including Plaintiff, were allowed to share their complaints about Ms. Nock. These sessions were supposed to be kept confidential. In the early part of 2011, Plaintiff learned that the information being shared in these meetings were being relayed to Nock. The results of the investigation found that employees felt discriminated against and suggested that an employee advisory council be put in place to provide counsel to management from employees with the goal of allowing employees to be able to communicate their complaints without fear of retaliation.

Plaintiff was terminated November 1, 2011. Plaintiff's reporting evidence of discrimination and racially hostile environment was a motivating factor in his termination.

### 3. Defendant's theory of the case:

Plaintiff's employment was terminated as a result of his disciplinary history, his insubordination and the falsification of his time record. He did not "report evidence of discrimination and racially hostile environment." Moreover, no such environment existed.

Prior to his termination, Plaintiff had been issued a series of progressive disciplinary actions regarding such things as a lack of communication within his and other departments, sharing knowledge with co-workers and being receptive to others' ideas, improving teamwork

and adopting behaviors consistent with Williamson Medical Center Standards of Performance. Plaintiff's conduct brought him to the last level of discipline before termination and, at that point, Plaintiff acknowledged his need for improvement and committed to that improvement.

Following that discipline, Plaintiff initially showed some improvement, but subsequently became insubordinate with the Pharmacy Clinical Manager. While the insubordinate conduct was being investigated, it was also discovered that the Plaintiff had falsified his time records related to an off-site training for which he had been paid to attend.

His employment was terminated by the Interim Pharmacy Director. The former Director, toward whom the Plaintiff directs his vitriolic and baseless allegations, had left her position before the Plaintiff's employment was terminated. Plaintiff engaged in no protected conduct.

4. **Identification of the issues:** Existence of a Cause of Action, Liability and Damages.

5. **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:**

The parties do not anticipate counter-claims, cross-claims, third-party claims, and joinder of other parties or claims, or class action certification, or the need for resolution of any issues arising under the above-cited rules.

6. **Witnesses:** The parties will supplement information of witnesses.

7. **Initial Disclosures and Staging of Discovery:**

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within **30 days** from the date of the initial case management conference, on or before **Thursday, March 14, 2013.**

The parties shall complete all written discovery and depose all fact witnesses on or before **Thursday, November 14, 2013**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow **40** interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a telephonic conference call with Magistrate Judge Brown.

### 8. Dispositive Motions:

The parties shall file all dispositive motions on or before **Friday, January 17, 2014**. Responses to dispositive motions shall be filed within **28 days** after the filing of the motion. Optional replies may be filed within **14 days** after the filing of the response. The motion and response memoranda are limited to **25 pages** and the reply, if a reply is filed, is limited to **five pages**, absent Court permission for longer pleading. No motion for partial summary judgment shall be filed except upon leave of court. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

### 9. Other Deadlines:

**MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before **Friday, June 14, 2013.**

**DISCLOSURE OF EXPERTS:** The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **Friday, July 12, 2013**. The Defendant shall identify and disclose all expert witnesses and reports on or before **Friday, August 30, 2013**.

**DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before **Friday, September 27, 2013**.

**10. Subsequent Case Management Conferences:**

A telephone conference with Magistrate Judge Brown to discuss case progress is set for **September 23, 2013, at 1:30 p.m. To participate in the conference call, parties will call 615-695-2851 at the scheduled time.**

**11. Alternative Dispute Resolution:**

A Joint Mediation Report shall be filed with the Court on or before **Friday, May 17, 2013.**

**12. Target Trial Date:**

The parties estimate that this jury trial will take three to four days, depending on what issues remain for trial. After consulting with Judge Nixon's courtroom deputy, this matter is set for trial on **June 17, 2014**, **at 9:00 a.m.** Judge Nixon will conduct the final pretrial conference on **June 6, 2014, at 10:00 a.m.** Judge Nixon will issue a separate order covering his requirements for the final pretrial conference and the trial.

    /s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge